**BMY–COMBAT SYSTEMS DIVISION OF HARSCO CORPORATION, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 90–252C.**

United States Claims Court.

July 7, 1992.

**438**

Wilsie H. Adams, Jr., Washington, D.C., for plaintiff.

Carolyn G. Mark, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant.

## ORDER

### MOODY R. TIDWELL, III, Judge:

This case is before the court on plaintiff's motion to strike defendant's answer and counterclaims, to disqualify defendant's counsel, and to bar Assistant United States Attorney Sally Lied from further participation in this case. For the reasons set forth below, the court denies plaintiff's motion.

**1.** The government defines a trunnion as "one of two cylindrical projections from a cannon, one on each side, for supporting the cannon on its carriage."

**2.** Fed.R.Crim.P. 6(e)(3)(C)(i), in relevant part, is as follows:

## FACTS

Plaintiff designs, manufactures, and sells self-propelled combat weapons systems. On March 24, 1982, plaintiff contracted with defendant to manufacture howitzers for the United States Army. Plaintiff built and delivered 305 howitzers which the Army inspected and accepted; however, the Army later discovered defects in the trunnion mounting brackets and required plaintiff to repair or replace them pursuant to their contract.[1] As a result of the additional work, plaintiff submitted a claim for additional compensation to the contracting officer on August 1, 1989. But, due to an ongoing criminal investigation of plaintiff, the contracting officer delayed issuing a decision denying plaintiff's claim until January 12, 1990. Plaintiff then filed suit in this court on March 23, 1990, seeking an equitable adjustment to the contract.

Since grand jury proceedings stemming from the criminal investigation were just beginning in the United States District Court for the Middle District of Pennsylvania, the court stayed plaintiff's case here to allow sufficient time for the criminal case to progress before beginning civil proceedings. In mid–1991, after the United States Attorney's Office decided not to seek an indictment from the grand jury, the court lifted the stay. At that time, the Civil Division of the Department of Justice filed a petition with the district court pursuant to Fed.R.Crim.P. 6(e)(3)(C)(i) requesting access to documents, interview and test reports, physical evidence, investigative agents and prosecutors, and their work product.[2] The district court granted defendant's petition for access to all sources, except the grand jury prosecutor, Assistant United States Attorney Sally Lied.

Despite the district court's order, AUSA Lied participated, by telephone, in a meet-

Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may ... be made—
(i) when so directed by a court preliminarily to or in connection with a judicial proceeding.

ing on January 3, 1991, in which defendant's attorneys met with plaintiff's counsel and a BMY employee. During the two-hour meeting, "AUSA Lied asked leading questions concerning very specific aspects of the information presented by BMY."[3] On April 6, 1992, as a result of AUSA Lied's participation in this case, plaintiff moved to strike defendant's answer and counterclaims, to disqualify defendant's counsel, and to prevent defendant's counsel in this case from having further access to AUSA Lied.

## DISCUSSION

The facts clearly demonstrate that AUSA Lied violated the district court's December 20, 1990 order by participating in a conference with defendant's civil attorneys and by questioning a BMY employee. While the court finds this direct violation of the district court's order reprehensible, it is not prepared to punish defendant for violating the order of another forum. Moreover, the court finds that sufficient grounds do not exist to strike defendant's answer and counterclaims. Although defendant was prohibited access to AUSA Lied, it was given access to all other grand jury material. Accordingly, defendant could sift all information necessary to compile its answer and counterclaims from allowed grand jury sources; defendant's pleadings were not tainted by the contact that defendant's counsel in this case had with AUSA Lied. Furthermore, the court earlier stayed this action to prevent the more liberal discovery rules of the Claims Court from jeopardizing the government's criminal action against plaintiff. To hold that the civil proceeding has been now tainted by information gained from the criminal action, would be simply incongruous. However, if at any future time the court becomes aware of or suspects that defen-

dant has had further access to AUSA Lied, the court will not hesitate to take appropriate action.

## CONCLUSION

The court sees no reason to disqualify defendant's counsel, or to strike defendant's answer or counterclaims. Accordingly, plaintiff's motion is denied.

IT IS SO ORDERED.

---

**3.** After the district court's original order of December 20, 1990, barring access to AUSA Lied, defendant moved for reconsideration and clarification of the order. On January 24, 1991, the district court clarified its order, and reiterated its prohibition on access to AUSA Lied during the prosecution of the civil case in the Claims Court.